UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPRESE GARDNER,

        Petitioner,

v.

        CASE NO. 2:08-CV-14523
        HONORABLE ARTHUR J. TARNOW
        UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION TO DISMISS AND COMPELLING ANSWER ADDRESSING PETITION'S MERITS

      This matter is before the Court on respondent's motion to dismiss on the ground that petitioner's application for writ of habeas corpus is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). Petitioner has filed a reply to the motion to dismiss, in which he claims that the statute of limitations should be equitably tolled because his court appointed appellate lawyer waited almost three months to inform him of the Michigan Supreme Court's decision to deny his post-conviction application for leave to appeal. Having reviewed the pleadings and the issues raised by petitioner in his habeas application and in response to the motion to dismiss, the Court will deny the motion to dismiss and will order that an answer addressing the merits of the petition be filed in this matter within thirty days of the Court's order.

      A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). Respondent in this case simply filed a motion to dismiss without addressing the merits of petitioner's claims. An answer to a habeas petition is not like an answer to a civil complaint. It should respond to the allegations of the habeas petition. *Id.* at 608-09; *See also See Chavez v. Morgan*, 932 F. Supp. 1152,

1

*Gardner v. Romanowski,* 08-14523

1153 (E.D. Wis. 1996)(a motion to dismiss is generally not the appropriate pleading in response to a petition for writ of habeas corpus; an appropriate response is an answer which responds to each allegation contained in a habeas petition). Therefore, unless a federal court grants a respondent leave to file a motion for summary judgment or a motion to dismiss, an answer to a habeas petition should respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. *Ukawabutu,* 997 F. Supp. at 609. The practice of filing these "piecemeal" motions is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, with 28 U.S.C. § 2254(b)(2), which gives district courts the discretion to consider and deny unexhausted claims on their merits, and with fundamental principles of efficient case management. *Id.* at 607.

Petitioner contends that the limitations period should be equitably tolled because he was not informed in a timely fashion by his appellate attorney that the Michigan Supreme Court had denied his post-conviction appeal.

Although the Supreme Court has not yet decided whether equitable tolling of the AEDPA's one-year limitations period applies to otherwise untimely claims, *Lawrence v. Florida,* 127 S. Ct. 1079, 1085 (2007), the Sixth Circuit has held that equitable tolling of the one-year limitations period may be appropriate in certain extraordinary circumstances. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 127 S. Ct. at 1085.

*Gardner v. Romanowski,* 08-14523

When a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired, equitable tolling is appropriate. *Erwin v. Elo,* 130 F. Supp. 2d 887, 890 (E.D. Mich. 2001). In the present case, petitioner raises a genuine issue of material fact as to whether the one year limitations period should be equitably tolled in this case.

In addition, although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted). Because of the complexities involved in this case, it appears to be simply easier and more judicially efficient to adjudicate petitioner's claims on the merits "than to untangle the complexities of the timeliness issue." *See Jones v. Bowersox,* 28 Fed. Appx. 610, 611 (8th Cir. 2002). Accordingly, the Court believes that the ends of justice would be better served by ordering an answer that addresses the merits of petitioner's claims.

The Court will deny the motion to dismiss and order the respondent to file an answer that responds to the merits of petitioner's habeas claims within thirty days of the Court's order. *See Erwin,* 130 F. Supp. 2d at 890-91; 28 U.S.C. § 2243.

*Gardner v. Romanowski,* 08-14523

### ORDER

Accordingly, the Court **ORDERS** that the motion to dismiss [Dkt. # 9] is **DENIED.**

The Court further **ORDERS** Respondent to submit an answer addressing the merits of Petitioner's habeas claims within **THIRTY DAYS** of the date of this order.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  May 27, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 27, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary